WILLIAM LANIO, JR., BY HIS NEXT FRIEND, RESPOND-
ENT, v. NICHOLAS STENECK, SR., AND NICHOLAS
STENECK, JR., APPELLANTS.

Submitted January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the appellants, *J. Emil Walscheid.*

For the respondent, *Kealey & Gilfert.*

PER CURIAM.

Both of the defendants, against whom a judgment of
$15,000 was rendered in favor of the plaintiff for personal
injuries received in an automobile accident, appeal, but
grounds of appeal and a brief are filed on behalf of Nicholas
Steneck, Jr., alone. The grounds are directed wholly to the
charge of Judge Thomas Brown to the jury in the Hudson
Circuit Court.

There are three excerpts from the charge of which criti-
cism is made. The first is as to an instruction limiting the
use by the jury of certain moving pictures for illustrative
purposes only. The answer is that the defendant's counsel

expressly agreed to this limitation. If counsel had desired to test their admissibility, he should have stood upon his rights in introducing them and the exception taken on the adverse ruling, and not assented to the limitation which the judge imposed.

It is next said that the judge was in error in instructing the jury as follows:

"You will notice there is no charge in the complaint for loss of earning capacity during this boy's minority or until he is emancipated, nor the expenses that were incurred in endeavoring to cure this young boy. That action lies, if one does, in the father or the person who stands in the place of a father or mother if this boy has no parents in this case. I make reference to it at this point so that you will not consider any loss of wages or any expenditures incurred because of this boy's endeavoring to be cured up to the time that he would be emancipated, or until he attains his majority. That does not exclude you, under the amendment that counsel has proposed, from considering loss that might flow to this boy after that time, and the expenses, if any, he might incur in endeavoring to be cured of these injuries."

Counsel excepted to the court's instruction, whereupon the judge modified the charge by saying:

"The court charges you that there is no positive evidence that there will be any expenses incurred. There is evidence, as the court remembers it, and it is for you to judge, that this boy will have this injured leg the rest of his life and if it carries him beyond his age of twenty-one years, there may be some limitation of his earning capacity the rest of his life. You are to consider that."

The specific criticism is that the judge told the jury that they might consider the loss that might flow to the boy and the expenses he might incur in endeavoring to be cured after reaching his majority and had been emancipated, and this on the ground that there was no evidence to justify a claim for damages on either basis.

The injured plaintiff, a boy twelve years of age, had a com-

bined fracture of both bones of the right leg, shortening the leg by one and one-half inches. The claim for damages was for past and future pain, discomfort and inconvenience and for loss of earning capacity. It is said that there was no data upon which future disability could be measured in dollars and cents. There rarely is in such cases. It must of necessity rest much in obscurity, but this is not a valid reason for not permitting a jury to place a value on the loss. It was clearly proven that there was not only a broken leg with a shortening, but that the lacerations were of such a character that there was a fifty-five per cent. loss of the use of the leg. While the supplemented part of the charge was not as explicit as might be desired, we think it could be fairly said to have eliminated any claim for expense of cure.

Finally, it is said that there was error in the instructions to the jury as to the speed of the defendant's automobile under the circumstances as specified in the charge, and in the failure of the judge to include other portions of the Traffic act. We find no error in what was charged, and if other and further instructions were desired it was the duty of counsel to specifically request their presentation to the jury.

The judgment is affirmed, with costs.